FREDERICK E. ROACH *vs.* ARTHUR T. STURDY & another.

Bristol.    October 28, 1924. — November 26, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Water Rights.    Equity Jurisdiction,* To enjoin injury to ice crop by with-
drawal of water.

One who had a right to flow land with a pond, of which a highway was a
natural dam, and to control the wasteway of the dam by flash boards
or planks, lowered the water in the pond for the purpose of constructing
a trench which it was necessary for him to dig in the way, and, after
his purpose was accomplished, did not restore some of the planks of
the wasteway and left the pond shallow.   A riparian owner whose ice
crop was damaged and his harvesting of it prevented by such failure
to restore the height of the pond, brought a suit in equity to enjoin
a continuance of the acts of the defendant causing the low level of the
water and to require a restoration of the height of the dam.   *Held,*
that a finding was warranted that the use made of the water by the
defendant was not reasonable and that it was proper to issue the in-
junction sought.

BILL IN EQUITY, filed in the Superior Court on January 14,
1924, seeking an injunction restraining the defendants from
continuing to permit the water of a pond, where the plaintiff
had a right to cut and harvest ice, to flow therefrom in a
volume in excess of the quantity required for reasonable
use in the defendant's mill, and to require the defendant to
restore the dam to its normal height in order to accumulate
so much of the waters of the pond as should be required for
the reasonable use thereof by the plaintiff.

In the Superior Court, the suit was heard by *Hammond,* J.
Material facts found by him are described in the opinion.
By order of the judge, there was entered an interlocutory de-
cree enjoining the defendants until further order of the court
from continuing to permit the waters of the pond to flow
therefrom "in excess of such quantity of water as may be
required by the defendants for reasonable use in their mill,
and with due regard for the safety of their property and the
property of other riparian owners, in such manner as to pre-

vent the plaintiff from harvesting his ice; and that the defendants be and hereby are ordered forthwith to restore the flashboards of the dam at the outlet of said pond to their height as of " a date preceding the time when they were removed by the defendants.

Stating that he was of opinion that his ruling so far affected the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, the judge reported to this court the question, whether the interlocutory decree should be affirmed, reversed or modified.

The case was submitted on briefs.

*J. W. Cummings, J. Little,* & *J. W. Cummings, 2d,* for the defendants.

*A. Fuller,* for the plaintiff.

BRALEY, J.　This is a bill in equity by a riparian owner of an ice pond to restrain the defendants, who own and operate a jewelry factory with a dam which they control at the outlet of the pond, from permitting the water unnecessarily to flow from the pond in such volume as to destroy the plaintiff's ice crop.　The evidence not having been reported, the findings of fact are conclusive.　It is found, that a public way forms a natural dam for the pond, and that the defendants have the right to flow the land under the pond and to control the wasteway of the dam by flash boards or planks.　A public water main five feet below the surface ran through the way, and the defendants, who were installing a new sprinkler system, dug on January 10, 1924, a trench uncovering the main for the purpose of connecting it with the system by a six inch pipe.　The connection was completed on January 12. But, in the performance of the work and to prevent water from passing into the trench, the defendant on January 8 or 9 removed, and did not replace after the work was completed, some of the planks at the wasteway, causing the pond, which in places is shallow and contains some rocks, to be lowered. The plaintiff floats the ice when cut to his ice house through a runway, and the lowering of the pond not only broke the ice around the rocks, but so diminished the water in the runway that the ice could not be floated to the ice house.　The pond at certain times in the past has been so filled by freshets as to

require it to be promptly lowered to prevent overflowing the street, as well as to prevent water from entering the factory which is located in a hollow in land on the east side of the street.

It is plain that the judge's conclusion must stand: " I find that it was not necessary, in order reasonably to protect the defendants against the danger of freshets or to guard against damage to the water main, that the planks which were removed from the wasteway on January 8 or 9 to enable the work of connecting the water pipes to be done should be kept removed after that operation had ceased on January 12 and during the following days when ice was making up on the pond and I find that, under the circumstances of this case, it was not a reasonable use by the defendant of the water in the pond to continue to draw it off after January 12 so as to interfere with the right of the plaintiff to harvest ice upon the pond during the ice-making season."

It follows, that, having suffered actual damage, the plaintiff is entitled to injunctive relief as prayed. *Elliot* v. *Fitchburg Railroad,* 10 Cush. 191, 197. *Paine* v. *Woods,* 108 Mass. 160, 173. *Handforth* v. *Maynard,* 154 Mass. 414. *Taft* v. *Bridgeton Worsted Co.* 237 Mass. 385; *S. C.* 246 Mass. 444.

We discover no error in the interlocutory decree, the form of which was assented to by the defendants, and it is,

*Affirmed.*